# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR-23-12-H-BMM |
| Plaintiff, | |
| vs. | ORDER |
| RASTA KHALID WALID *aka RASTA KHALID DOUGLAS WALID*, aka GREGORY JOHN MARTIN, aka RAS DOUGLAS, | |
| Defendant. | |

## BACKGROUND

A grand jury indicted Rasta Khalid Walid ("Walid") on 17 counts including, failure to pay legal child support (1-2), bank fraud (15), false statement to a bank (16), engaging in monetary transactions (17), and false fictitious, and fraudulent claims (3-14). (Doc. 1.) A jury trial is scheduled to begin on January 21, 2025. (Doc. 66.) Walid filed a notice disclosing proposed testimony of two expert witnesses Walid intends to use at trial. (Doc. 72.) The Government filed a motion in limine to exclude the experts' testimony disclosed by Walid. (Doc. 83.)

1

## LEGAL STANDARD

Rule 702 of the Federal Rule of Evidence states: A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Expert witnesses may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. Fed R. Evid. 703. The Court still must consider the balancing of evidence under Rule 403 and exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

An expert witness must not state an opinion in a criminal case, about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone. Fed. R. Evid. 704(b).

## ANALYSIS

The Government filed a motion in limine to exclude Walid's expert testimony of Connor Newman ("Newman") and Steve Bryant ("Bryant"). (Doc. 83.) The Court ruled in part from the bench on the scope of expert testimony and allowed the parties to reserve further objections during trial. (Doc. 86.) The Court seeks to clarify the scope of expert testimony at trial.

Walid cites *United States v. Morales*, to support allowing an expert to testify on Walid's understanding of the tax code and regulations. *United States v. Morales,* 108 F.3d. 1031 (9th Cir. 1997). The Ninth Circuit concluded that the district court improperly had excluded the testimony of an accountant. *Id*. at 1037. The defendants sought to have the accountant testify as to the defendant's ability as a bookkeeper. The Ninth Circuit reasoned that the "district court would have had to conclude that [the accountant's] testimony would have stated an opinion or drawn an inference which would *necessarily compel* the conclusion that [the defendant] did not make the false entries willfully. *Id* (emphasis added). The accountant instead sought to testify to the "[the defendant having] a weak grasp of bookkeeping principles." *Id*.

3

Walid seeks to elicit testimony from Newman regarding issues of Walid's use of general accounting principles, the complexity of the tax code, and the procedural requirements for submissions such as Walid's. (Doc. 72 at 2.) Newman made several findings in his report that address Walid's mental state during his preparation of the report. (*See i.e.* Doc. 72 at 11-13.) Some of Walid's charges require the government to prove that Walid knew the claim was false, fictitious, or fraudulent. Newman seeks to testify that Walid "held the incorrect belief" that Walid thought he properly had filed the forms. Newman's testimony to Walid's knowledge of whether he knew what he was filing was potentially fraudulent properly would be limited under the rule. (*Id*. at 12.)

Like in *Morales* and other Ninth Circuit case law, Newman may testify to what Walid's filings looked like compared to others in similar circumstances. The jury may then make inferences about Walid's state of mind at the time he filed his taxes. Walid may also testify to his own experience about what he knew at the time the claims were filed but may not use Newman to convey to the jury, Walid's state of mind at the time he prepared his taxes.

Walid also seeks to elicit testimony from Bryant regarding issues related to Paycheck Protection Program ("PPP") loans. (Doc. 72 at 4.) Specifically, Bryant seeks to testify about documents relevant to approving or denying PPP loans and offer an opinion on the submissions for PPP loans from Walid to certain banks. (*Id*.)

4

The Government contends that Bryant should not be allowed to testify to the materiality of what Walid submitted. (Doc. 84 at 12.) Count 15 in the Indictment, requires Walid to have made statements that were "material" and "had a natural tendency to influence or were capable of influencing" a financial institution. (Doc. 1 at 6.) The parties agree that this testimony properly may be limited through objection at trial and instructing the jury on the legal definition of "material".

The Court will allow Walid's expert to testify based on their expert opinion on a review of Walid's submissions to the Internal Revenue Service and financial institutions, but Walid's proposed experts shall not testify to Walid's willfulness or Walid's personal knowledge of filing fraudulent, fictitious, or false claims. The Court reserves ruling on any other expert testimony until trial.

## ORDER

**IT IS HEREBY ORDERED** that the Government's motion in limine is **GRANTED** in part as follows:

1. Walid's expert Newman shall not testify to whether Walid knew the claim Walid filed was false, fictitious or fraudulent.

2. Walid's experts shall not testify to an ultimate issue of the crime charged.

3. Walid's expert Bryant shall not testify to Walid's intent to defraud any financial institution.

5

4. Walid's expert Bryant shall not testify to the materiality of documents submitted by Walid to any financial institution.

DATED this 17th day of January, 2025.

*Brian Morris*
Brian Morris
United States District Court Judge